Filed 9/13/23  P. v. Marion CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARL BENTLY MARION II,<br><br>    Defendant and Appellant. | E080760<br><br>(Super.Ct.No. FVA801272)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Carl Bently Marion II, in pro. per.; David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Carl Bently Marion II appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now renumbered to section 1172.6).  For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On August 8, 2018, an information charged defendant with murder under section 187, subdivision (a).  The information also alleged that defendant personally and intentionally discharged a firearm, a handgun, which caused great bodily injury and death to the victim under section 12022.53, subdivisions (b), (c), and (d).

On October 9, 2008, a jury found defendant guilty of second degree murder and found the firearm allegation true.

On November 7, 2008, the trial court sentenced defendant to 40 years to life, as follows:  Fifteen years to life for the murder and a consecutive term of 25 years to life for the firearm allegation.

On February 2, 2023, defendant filed a section 1172.6 petition for resentencing.  On February 24, 2023, the trial court denied the petition at the prima facie stage.

On February 24, 2023, defendant filed his notice of appeal.

## DISCUSSION

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  In the brief, pursuant to *Anders*, appellate counsel has

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

identified the following issue to assist the court in its search of the record for error: "Did the trial court err in denying sentencing relief under section 1172.6 at the prima facie stage?"

On June 8, 2023, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216 [].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On July 10, 2023, defendant filed a seven-page typewritten supplemental brief. In the brief, defendant contends that the "trial court allowed prosecution to proceed with a theory where malice was imputed to a person based solely on the person's participation [in] a crime. Due to these actions petitioner should be resentenced according to 1170.95 (now 1172.6) and supplemental brief granted." Defendant further states that his petition should have been granted because "the trial court allowed prosecution to proceed with a theory where malice was imputed to defendant based solely on defendant's participation [in] a crime (being initial aggressor in the crime of vandalism or assault with no right to

3

self defense in a sudden and perilous counter attack." We disagree. In this case, no malice was imputed. Defendant was the actual shooter who killed the victim.

At the hearing on defendant's section 1172.6 petition, the trial court stated:

"I did have an opportunity to review the court file, and actually, I was able to review what [defendant] attached to his petition, which included the jury instructions and closing argument. And based on my review of the court file, the attachments, including the jury instructions and closing arguments, [defendant's] petition will be denied.

"I do also have a recollection of the case. [Defendant] was the actual shooter in this matter that led to the death of the victim. I gave jury instructions involving first and second degree. I also gave manslaughter instructions based only on the sudden quarrel, heat of passion, imperfect self-defense.

"So based on the fact that [defendant] is the actual killer and that there were no instructions regarding felony murder and/or the natural probable consequence theory, and the fact that this is not a case where malice is imputed based solely on the participation in the crime, I'm going to deny the petition for resentencing."

Thereafter, the court asked if either party wanted to be heard. Defense counsel wanted the record to indicate a "defense objection for hearsay and foundation." The court responded: "Yes. So your objection's noted for the record. Again, the petition is denied. Also, just for the record, I did review the felony information in which he—it was alleged and found true that the special allegation that [defendant] personally, intentionally discharged a firearm, which led to the victim's death, was found true by the jurors as well. So over the defense objection, the petition's denied."

4

Based on the above and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief under section 1172.6. (*Delgadillo*, *supra*, 12 Cal.5th at p.  233.)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

Not to be published in official reports.

MILLER
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.